**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

[2] WALDEMAR FEBRES-SANCHEZ,

Defendant.

CRIMINAL NO. 19-124 (SCC)(HRV)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Waldemar Febres-Sanchez (hereinafter "Mr. Febres-Sanchez") pleaded guilty to charges of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a) and possession of firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c). (Docket Nos. 181, 183). He is alleged to have been a leader and enforcer of the drug-trafficking organization known as Las FARC that operated in the Santurce, Puerto Rico, area. On December 29, 2022, the Court sentenced Mr. Febres-Sanchez to 96 months of imprisonment as to the drug conspiracy count and 60 months of imprisonment as to the firearms count, for a total of 156 months. (Docket Nos. 206, 207). Said term of imprisonment is to be followed by an eight (8)-year term of supervised release. (*Id.*) Mr. Febres-Sanchez did not appeal.

On March 11, 2024, Mr. Febres-Sanchez filed a motion for reduction of sentence (compassionate release) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Docket No. 220). The form motion is not accompanied by a memorandum of law, it simply checks boxes as

1

applicable. (*Id.*) At page 4 of the form motion, defendant checked a box that states "[t]here are extraordinary and compelling reasons for my release." (Docket No. 220 at 4). At page 5, in a section that calls for explaining the basis for the request, defendant handwrote "my family waiting for me." (*Id.*) The form motion contains some attachments. One is titled "Medical Records and Additional Medical Information." (Docket No. 220-1). However, no medical records are attached. The second is a "Proposed Release Plan." (Docket No. 220-2). It basically lists an address where Mr. Febres-Sanchez will reside if released from prison.

The United States has not filed a response to the defendant's compassionate release motion. The matter has been referred to me for report and recommendation. (Docket No. 221).

The compassionate release statute allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce the term of imprisonment (and… impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must establish three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the

2

circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023).

The form motion submitted by the defendant does not allow the Court to make a determination as to any of the three prongs of the analysis. For instance, the sole reason advanced by the defendant is a one-liner stating that his family is waiting for him.[1] Such reason falls woefully short of being extraordinary or compelling. In the context of compassionate release, the First Circuit has stated that "[t]he plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree. By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *United States v. Canales-Ramos*, 19 F.4th 561, 566-67 (1st Cir. 2021)(citations omitted). The reason advanced by Mr. Febres-Sanchez is not beyond the mine-run. This is so because most, if not all, of the criminal defendants that are sentenced in federal court have families that are, hopefully, waiting for them to serve their terms of imprisonment. Likewise, the reason proffered is neither powerful nor convincing.

Assuming, *arguendo*, that the defendant had sufficiently established that extraordinary and compelling reasons exist warranting his release, the form motion submitted does not contain any information or argument that would permit the Court to make a finding that a reduction in sentence is consistent with the section 3553(a) factors.

---

[1] To be sure, family circumstances may constitute an extraordinary and compelling reason to grant release. However, a defendant asserting such ground for compassionate release must prove that a family member, such as child, parent or spouse is incapacitated and that he or she would be the only available caregiver. U.S.S.G. § 1B1.13(b)(3). The defendant has not proffered any evidence that he has a family circumstance that would meet these criteria.

3

On the contrary, a review of the record in this case shows that Mr. Febres-Sanchez is a danger to the community given his leadership role in the offense, the possession of firearms, and his criminal record. (*See* Pre-sentence Investigation Report, Docket No. 199). Therefore, the seriousness of the offense, the need to provide just punishment, the need to protect the public, and the need to promote respect for the law weigh heavily against a reduction of sentence in this case. *See United States v. Martinez*, No. 2:18-cr-00089-JAW, 2023 WL 3305674, 2023 U.S. Dist. LEXIS 79444 at *29 (D. Me. May 8, 2023).

In view of the above, I recommend that the defendant's motion for compassionate release at Docket No. 220 be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 17th day of May, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE